Filed
File Date: 8/5/2020 9:30 AM
Rockingham Superior Court
E-Filed Document

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS                                    SUPERIOR COURT

<u>**JURY TRIAL REQUESTED**</u>                  **218-2020-CV-00752**

Pooja Vasant Prabhu
CHS Carter Rd, 5 Borivali
East Mumbai, India, 400066

v.

Bootstrap Software Partners, LLC
(d/b/a PoliteMail Software)
655 Portsmouth Avenue
Greenland, NH 03840

## COMPLAINT

### I.     Parties

1.     The plaintiff, Pooja Vasant Prabhu, is resident of the Country of India, with an address of CHS Carter Road, 5 Borivali, East Mumbai, India 400066.

2.     The defendant, Bootstrap Software Partners, LLC, is a New Hampshire limited liability company, with an address of 655 Portsmouth Avenue, Greenland, NH 03840.

### II.    Jurisdiction & Venue

3.     This Court has jurisdiction over the subject matter of this action pursuant to RSA 491:7.

4.     Venue is proper in Rockingham County because it is the county in which the defendant has its principal place of business, and the county where the plaintiff was employed by the defendant.

1

### III.   **Factual Background**

5.      The plaintiff was employed by Bootstrap Software Partners, LLC, d/b/a PoliteMail Software, from June 16, 2018, until she was terminated on June 13, 2019, after requesting a reasonable accommodation for a disability.

6.      The plaintiff is a citizen of the Country of India.  At the time of her termination, the plaintiff was working under an H1B Visa as a Software Quality Assurance Technician for the defendant.

7.      The plaintiff went on an approved three-week vacation to her home country of India in late May of 2019.  On what was scheduled to be her last day in India before returning to the United States, the plaintiff was affected by a serious medical condition and had to undergo an emergency surgery on her abdomen.  She had a significant surgical wound as a result.  The plaintiff's medical condition only affects females, and substantially interfered with major life functions including, but not limited to, standing, walking, sitting, sleeping, concentrating, and working.

8.      The plaintiff's Doctor informed her that, due to her recent surgery, it would not be safe for her to fly until the site of her surgical procedure had adequately healed.  He estimated that the plaintiff would be medically ready to fly back to the U.S.A. in about two months.

9.      The plaintiff called her supervisors at PoliteMail to inform them of her medical condition and to request, as a reasonable accommodation for her disability and related emergency surgery, a two-month medical leave.  The plaintiff also offered to work remotely within just *two weeks* of her surgery.

10.     The defendant denied both the plaintiff's request for disability leave and her request to work remotely.  Instead, the plaintiff was told that she was terminated effective immediately,

2

on June 13, 2019.  Assuming jurisdictional requirements were met, if the plaintiff had been permitted to hold her job for just three more days, she would have met the eligibility requirements to qualify for FMLA leave that would have covered her entire recovery.

11.    A two-month absence from the workspace in New Hampshire would not have unduly burdened PoliteMail's business operations, particularly where the plaintiff offered to work remotely.  Other PoliteMail employees with roughly similar job responsibilities work remotely from other U.S. States, as far away as Arizona.  The plaintiff's job duties involved QA of software products, which is easily done via internet connection.  The Court can also take notice that India is well-known as the leading provider of out-sourced technical support services for the United States.  The technology to allow remote work in computer-based fields, even at international distances, is well-established.

12.    Because the plaintiff was no longer employed by a U.S. sponsor company, she immediately lost her H1B status.  Now she cannot return to the U.S. without locating another U.S. employer and going through a lengthy and cumbersome process again.  Being fired by PoliteMail damaged – in all likelihood, permanently – the plaintiff's prospects of obtaining another H1B job in the U.S.A., or achieving her dream of American citizenship.

13.    The plaintiff had an apartment in New Hampshire with her personal belongings in it.  She had to make special arrangements to preserve her property and have it returned to her, on short notice, because she could not return the U.S.

14.    The plaintiff was discriminated and retaliated against because she was a disabled with a female-specific disability and because she requested a reasonable accommodation of a short, defined leave and/or the ability to perform her work remotely.  As a result of PoliteMail's unlawful discrimination and retaliation, the plaintiff was fired.  She has suffered a loss of income, loss of

3

earning capacity, emotional distress, humiliation, anxiety, loss of her H1B status and path to U.S. citizenship, inconvenience, and other damages. The plaintiff seeks all remedies available to me under Title VII, the Americans with Disabilities Act and RSA 354-A.

### COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

15.     The plaintiff re-alleges and incorporates herein by reference all the allegations of the preceding paragraphs.

16.     The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.

17.     The plaintiff suffered a serious illness, which only affects females, and which required her to have an emergency surgery that left her temporarily disabled. The plaintiff's major life functions of standing, walking, sitting, sleeping, concentrating, and working were impaired while she recovered from her surgical procedure.  She was unable to safely fly from India to the U.S. while she recovered from the surgical procedure.

18.     Bootstrap Software Partners, LLC is a covered employer to which the terms of the Americans with Disabilities Act apply.

19.     The plaintiff was fully qualified for the Quality Assurance position which she held, and could have continued to perform the essential functions of that position with the reasonable accommodations of a two (2) month medical leave and/or the ability to work remotely after a shorter two (2) week leave.

4

20.     The accommodations sought by the plaintiff were not unreasonably burdensome upon the defendant.  Other employees with grossly similar job duties were allowed to work remotely from other states.

21.     The defendant discriminated against the plaintiff by refusing to enter into any reasonable interactive dialogue with her about the efficacy of the reasonable accommodations she requested, and retaliated against her for requesting reasonable disability accommodations by terminating her employment.

22.     As a direct result of the defendant's discrimination and retaliation, the plaintiff has suffered a loss of income, loss of earning capacity, emotional distress, humiliation, anxiety, loss of her H1B status and path to U.S. citizenship, inconvenience, and other damages. The plaintiff seeks all remedies available to her under the Americans with Disabilities Act including, but not limited to, punitive damages and attorneys' fees.

### COUNT II – VIOLATION OF RSA 354-A – Disability Discrimination + Retaliation

23.     The plaintiff re-alleges and incorporates herein by reference all the allegations of the preceding paragraphs.

24.     New Hampshire's Law Against Discrimination, RSA 354-A, prohibits discrimination and employment retaliation on the basis of a person's disability.

25.     The plaintiff suffered a serious illness, which only affects females, and which required her to have an emergency surgery that left her temporarily disabled. The plaintiff's major life functions of standing, walking, sitting, sleeping, concentrating, and working were impaired while she recovered from her surgical procedure.  She was unable to safely fly from India to the U.S. while she recovered from the surgical procedure.

26.     Bootstrap Software Partners, LLC is a covered employer to which the terms of the Americans with Disabilities Act apply.

27.     The plaintiff was fully qualified for the Quality Assurance position which she held, and could have continued to perform the essential functions of that position with the reasonable accommodations of a two (2) month medical leave and/or the ability to work remotely after a shorter two (2) week leave.

28.     The accommodations sought by the plaintiff were not unreasonably burdensome upon the defendant.  Other employees with grossly similar job duties were allowed to work remotely from other states.

29.     The defendant discriminated against the plaintiff by refusing to enter into any reasonable interactive dialogue with her about the efficacy of the reasonable accommodations she requested, and retaliated against her for requesting reasonable disability accommodations by terminating her employment.

30.     As a direct result of the defendant's discrimination and retaliation, the plaintiff has suffered a loss of income, loss of earning capacity, emotional distress, humiliation, anxiety, loss of her H1B status and path to U.S. citizenship, inconvenience, and other damages. The plaintiff seeks all remedies available to her for disability discrimination and retaliation under RSA 354-A.

## COUNT III – VIOLATION OF TITLE VII – GENDER DISCRIMINATION

31.     The Plaintiff re-alleges all the allegations made in the preceding paragraphs an incorporates them herein by reference.

32.     The Plaintiff, a member of a protected class (female), was subjected to disparate, unfavorable treatment by the defendant on the basis of her sex.

33.     When the plaintiff was stricken by an illness that only affects females, necessitating emergency surgery, she requested the reasonable accommodation of being allowed leave time and the ability to work remotely.

34.     The reasonable requests were denied to her, at least in part on the basis of her sex. Other employees who work for the defendant, and who have grossly similar job duties, but who are male, are permitted to work remotely from other states.

35.     As a direct result of the defendant's discrimination and retaliation, the plaintiff has suffered a loss of income, loss of earning capacity, emotional distress, humiliation, anxiety, loss of her H1B status and path to U.S. citizenship, inconvenience, and other damages. The plaintiff seeks all remedies available to her under Title VII including, but not limited to, punitive damages because the defendant acted with malice and/or with reckless disregard for the Plaintiff's legally-protected rights pursuant to Title VII of the Civil Rights Act of 1964.

## COUNT IV – VIOLATION OF RSA 354-A – SEX DISCRIMINATION

36.     The Plaintiff re-alleges all of the allegations made in the preceding paragraphs an incorporates them herein by reference.

37.     The Plaintiff, a member of a protected class (female), was subjected to disparate, unfavorable treatment by the defendant on the basis of her sex.

38.     When the plaintiff was stricken by an illness that only affects females, necessitating emergency surgery, she requested the reasonable accommodation of being allowed leave time and the ability to work remotely.

39.     The reasonable requests were denied to her, at least in part on the basis of her sex. Other employees who work for the defendant, and who have grossly similar job duties, but who are male, are permitted to work remotely from other states.

40.     As a direct result of the defendant's discrimination and retaliation, the plaintiff has suffered a loss of income, loss of earning capacity, emotional distress, humiliation, anxiety, loss of her H1B status and path to U.S. citizenship, inconvenience, and other damages.  The plaintiff seeks all remedies available to her under RSA 354-A for gender discrimination including, but not limited to, her reasonable attorneys' fees and litigation costs.

## COUNT V – WRONGFUL TERMINATION

41.     The Plaintiff re-alleges all of the allegations made in the preceding paragraphs an incorporates them herein by reference.

42.     During the course of her employment with the defendant, the plaintiff undertook an action which public policy clearly supports.  To wit, she requested a reasonable accommodation for her gender-specific, emergent, temporary disability.

43.     In direct response to the plaintiff acting in accordance with public policy, the defendant retaliated in bad faith by terminating her employment.  Firing the plaintiff under such circumstances constitutes a wrongful termination under New Hampshire law.

44.     As a direct result of the plaintiff's unlawful termination of her employment, the plaintiff has suffered a loss of income, loss of earning capacity, emotional distress, humiliation, anxiety, loss of her H1B status and path to U.S. citizenship, inconvenience, and other damages. The plaintiff seeks all remedies available to her under New Hampshire common law.

WHEREFORE, the plaintiff respectfully requests that the Honorable Court:

A.  Schedule this matter for trial by jury;

B.  Enter judgment for the plaintiff in the amount awarded by the jury following trial;

C.  Permit the jury to award the plaintiff punitive damages;

D.  Award the plaintiff her reasonable attorneys' fees and litigation costs; and

8

E.  Grant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

POOJA VASANT PRABHU

By her attorneys,

BACKUS, MEYER
& BRANCH, LLP

Dated: August 4, 2020               By:     /s/ Jason R.L. Major
Jason R.L. Major (14782)
116 Lowell Street
Manchester, NH 03104
603-668-7272
JMajor@backusmeyer.com